# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LEONARD E. DUNNING | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No. 13-959 (RJL) |
| | ) | |
| | ) | |
| NANCY M. WARE, Director | ) | **FILED** |
| Court Services and Offender | ) | |
| Supervision Agency, | ) | MAY 2 2 2017 |
| | ) | |
| | ) | Clerk, U.S. District & Bankruptcy |
| Defendant. | ) | Courts for the District of Columbia |
| | ) | |

**MEMORANDUM OPINION**
(May 2⁄, 2017) [# 36]

Plaintiff, Leonard E. Dunning ("Dunning" or "plaintiff"), filed the instant action

alleging that defendant, Nancy M. Ware ("Ware" or "defendant"), in her capacity as

director of the Court Services and Offender Supervision Agency ("CSOSA" or "the

Agency") for the District of Columbia, discriminated against him in violation of the Age

Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and Title VII of

the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., respectively.

Specifically, plaintiff alleges that CSOSA discriminated against him on the basis of his

age when he was not selected for the position of Supervisory Offender Processing

Specialist. This matter is now before the Court on Defendant's Motion for Summary

Judgment [Dkt. # 36]. Upon consideration of the parties' submissions and the entire

1

48

record herein, defendant's motion is GRANTED and plaintiff's case will be DISMISSED with prejudice.

## BACKGROUND

Dunning has been employed by the CSOSA since 1996, and at all times relevant to the Complaint was over forty years of age. *See* Pl.'s Dep. at 17:9-21; Compl. ¶ 11. Generally, plaintiff alleges that he applied, but was not selected, for a position as Supervisory Offender Processing Specialist because of his age. *See* Compl. ¶ 19-21. He brings this action under Title VII and the ADEA. *Id.* ¶ 1.

In May 2009, CSOSA posted a vacancy announcement for a GS-0101-12 Supervisory Offender Processing Specialist position. *Id.* at ¶ 9; Pl.'s Resp. in Opp. to Mot. for Summ. J. ("Pl.'s Resp."), Ex. 2 (Job Announcement). Plaintiff submitted an application for the position. *See* Compl. ¶ 10. Plaintiff and six other candidates were selected for interviews for this position. *See* Compl., Ex. 7, Affidavit of William Thomas Ashe ("Ashe Affidavit") at 20. All seven candidates were given a series of interview questions and were rated by a three-person interview panel. *See* Compl., Ex. 10, Affidavit of Aprille Cole ("Cole Affidavit") at 31. The candidates' responses were graded on a preselected scale, with a numerical score for each question, and a maximum score of 60. *See* Compl., Ex. 9, Affidavit of Elizabeth Powell ("Powell Affidavit") at 26; Ashe Affidavit at 21.

The candidate who attained the highest score on the interview questions was Neville Campbell-Adams ("Campbell-Adams"), with a score of 40 out of 60. *See* Ashe

2

Affidavit at 21. The second highest scoring candidate was Roselyn Brown ("Brown"), who scored 39 out of 60. *Id.* Plaintiff scored 19 out of 60, which placed him as the sixth highest scoring candidate out of seven applicants. *Id.* at 20. Defendant ultimately selected Campbell-Adams, the highest scoring candidate, for the vacant position. *See* Cole Affidavit at 31; Pl.'s Resp., Ex. 1 (Job Offer Confirmation Letter).

In June of 2013, Dunning filed a complaint against Ware, alleging age discrimination and retaliation for protected employment actions in violation of Title VII and the ADEA. Specifically, plaintiff alleged that his non-promotion was motivated by either age discrimination, or by a desire to retaliate against him for filing two prior discrimination complaints against his employer in 2001 and 2003. Compl. ¶¶ 19-21. He also alleged that defendant engaged in preselection of Campbell-Adams, before he ever applied for the vacant position, in a direct attempt to discriminate against plaintiff based on his age. *See id.* Defendant moved to dismiss plaintiff's retaliation claims on the ground that plaintiff did not exhaust his administrative remedies. *See* Def.'s Partial Mot. to Dismiss [Dkt. # 9]; Mem. of P. & A. in Supp. of Def.'s Partial Mot. to Dismiss ("Def.'s Mem.") [Dkt. # 9-1]. On February 7, 2014, this Court granted defendant's motion and dismissed plaintiff's retaliation claims for failure to exhaust. *See* Mem. Order [Dkt. # 12]. Presently before the Court is Defendant's Motion for Summary Judgment on plaintiff's remaining claims [Dkt. # 36].

## STANDARD OF REVIEW

Defendant moves for summary judgment pursuant to Federal Rule of Civil

Procedure 56. Under Rule 56, summary judgment shall be granted when the record

demonstrates "that there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law." Fed. R. Civ. P 56(a); *see also Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 322 (1986). In deciding whether there is a disputed issue of

material fact, the Court must draw all reasonable inferences in favor of the non-moving

party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Where the court

finds that facts material to the outcome of the case are at issue, a case may not be

disposed of by summary judgment. *Id.* at 248. If, however, the facts in dispute are

"merely colorable, or . . . not significantly probative, summary judgment may be

granted." *Id.* at 249-50 (internal citations omitted). A party opposing a motion for

summary judgment "may not rest upon the mere allegations or denials of his pleading,

but . . . must set forth specific facts showing that there is a genuine issue for trial."[1] *Id.* at

---

[1] Plaintiff moves separately for an extension of time to conduct additional discovery. *See* Plaintiff's Motion for Extension of Time to Complete Discovery [Dkt. # 42]. He also submits a Federal Rule of Civil Procedure 56(d) affidavit in conjunction with his Opposition, requesting discovery so that he may adequately respond to Defendant's Motion for Summary Judgment. *See* Dunning Rule 56(d) Affidavit at 1-3. Rule 56(d) states: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Our Circuit has held that the party seeking discovery bears the burden of identifying the facts to be discovered that would create a triable issue and the reasons why the party cannot produce those facts in opposition to the pending motion for summary judgment. *See Byrd v. Envtl. Prot. Agency*, 174 F.3d 239, 248 n.8 (D.C. Cir. 1999). The party must also establish a "reasonable basis" to suggest that the requested discovery will reveal triable issues of fact. *Carpenter v. Fed. Nat'l Mortgage Ass'n*, 174 F.3d 231, 237 (D.C. Cir. 1999). Put simply, plaintiff has not satisfied this burden.

     Plaintiff's Rule 56(d) affidavit alleges that he "do[es] not have all of the facts necessary to oppose the motion for summary judgment." Dunning Rule 56(d) Affidavit at 2. In particular, he seeks to depose Carlos Perkins, who plaintiff contends issued a letter to Campbell-Adams congratulating him on his new position before it was posted. *Id.* He also seeks to depose other unidentified witnesses who he believes

248; *see also Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d

145, 150 (D.C. Cir. 1996).

## ANALYSIS

At the summary judgment stage, where "an employee has suffered an adverse

employment action and an employer has asserted a legitimate, non-discriminatory reason

for the decision, the district court need not—*and should not*—decide whether the plaintiff

actually made out a prima facie case under *McDonnell Douglas*." *Brady v. Office of*

*Sergeant at Arms*, 520 F.3d 490, 494 (D.C. Cir. 2008). Rather, the Court must resolve

one central question: "Has the employee produced sufficient evidence for a reasonable

jury to find that the employer's asserted non-discriminatory reason was not the actual

reason and that the employer intentionally discriminated against the employee on the

basis of race, color, religion, sex, or national origin?" *Id.* The same approach applies in

the context of age discrimination. *See Barnett v. PA Consulting Group, Inc.*, 715 F.3d

354, 358 (D.C. Cir. 2013) ("We consider [plaintiff's] age and sex discrimination claims

in the same way we analyze Title VII claims.").

---

have knowledge supporting his age discrimination claim. *Id.* But plaintiff has offered no valid
justification for his failure to take these depositions during the discovery period in this case. Indeed, this
is not a case where the defendant moved for summary judgment prematurely; plaintiff had nearly fourteen
months to conduct discovery, and defendant moved for summary judgment nearly sixteen months after
the deadline to complete discovery expired. *See* Scheduling Order, Dkt. No. 19; Minute Order, August
24, 2015; Def.'s Mot. for Summ. J., Dkt. No. 36. Furthermore, plaintiff does not even attempt to explain
why he cannot, absent discovery, present by affidavit the facts he deems essential to justify his
opposition. This Court therefore "act[s] within the bounds of its discretion in not granting a continuance
for [plaintiff] to conduct discovery." *Strang v. U.S. Arms Control & Disarmament Agency*, 864 F.2d 859,
861 (D.C. Cir. 1989)

Defendant's burden on the issue of pretext is only one of production; defendant "need not persuade the court that [she] was actually motivated by the proffered reasons." *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981). Plaintiff, however, "retains the burden of persuasion. . . . to demonstrate that the proffered reason was not the true reason for the employment decision." *Id.* at 256. Plaintiff may establish pretext either "directly by persuading the court that a discriminatory reason more likely motivated the employer[,] or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Id.*

Defendant here submits that the interview panel simply selected the highest scoring candidate for the vacant position, and that this justification satisfies her burden of asserting a non-discriminatory reason for the Agency's hiring decision. *See* Def.'s Mem. at 7. In particular, she identifies Campbell-Adams' supervisory experience as one of the reasons why he scored the highest in his interview. *See id.* at 8; Ashe Affidavit at 21 ("The panel members agreed that Mr. Campbell-Adams['] interview was more impressive to the panel because he elaborated on more than just his job duties and work experience and this enhanced his competitiveness for a supervisory position."). Dunning, on the other hand, had no supervisory experience in his position as an offender processing specialist. *See* Dunning Dep. at 29:5-29:14.

Unfortunately for plaintiff, he provides no evidence to refute defendant's argument. To the contrary, in his deposition, Dunning conceded that he was not present for the other candidates' interviews and could not attest to the other candidates' performance. *See* Dunning Dep. at 54:5-54:21. Additionally, he acknowledged that he

6

had no supervisory experience in his role as an offender processing specialist. *See id.* at 29:5-29:14. And he also conceded that the Agency was permitted to make its hiring decision based on the candidates' interview performances. *See id.* at 56:21-57:4.

As such, Dunning merely relies on speculation that because a younger candidate was selected for the position, the hiring decision must have been based upon age discrimination. *See id.* at 74:10-74:23 ("I'm an older person; he's a younger person. On the outside, it look like age discrimination."). That, of course, is not good enough. Plaintiff's allegations must rise above a speculative level. To say the least, subjective assertions by a plaintiff that he was the best candidate for the job, without any evidence to support them, are insufficient *per se* to survive summary judgment. *See Short v. Chertoff*, 555 F. Supp. 2d 166, 171 (D.D.C. 2008).

Finally, Dunning's claim is further undercut by his failure to allege, let alone establish, that any member of the interview panel was ever aware of his age. *See* Dunning Dep. at 63:15-63:17 ("Q: Are you alleging that Mr. Ashe knew your age? A: No, I'm not alleging that."); *id.* at 64:17-64:19 (Q: Are you alleging that Ms. Cole knew your age? A: No, sir, I'm not alleging that."); *id.* at 65:8-65:10 (Q: Are you alleging that Ms. Powell knew your age? A: No, sir.").[2] Indeed, each panel member provided sworn testimony that they were unaware of plaintiff's age at the time of their hiring decision. *See* Ashe Affidavit at 21; Powell Affidavit at 27; Cole Affidavit at 32. The law

---

[2] Dunning similarly fails to allege that defendant was aware of his age. And defendant, as director of the Agency—and thus the person ultimately responsible for agency hiring—relied on the interview panel's ranking system in making the decision to hire Campbell-Adams. *See* Ashe Affidavit at 20.

is clear that an employer's knowledge of the impermissible factor upon which a

discrimination claim is based is a necessary element of a discrimination claim. *See, e.g.,*

*Washington v. Chao*, 577 F. Supp. 2d 27, 40 (D.D.C. 2008) ("It is axiomatic that a

defendant cannot be found to have discriminated against a plaintiff on the basis of race

where the defendant had no knowledge of the plaintiff's race."); *Pollard v. Quest*

*Diagnostics*, 610 F. Supp. 2d 1, 22 (D.D.C. 2009) ("Under D.C. Circuit law, there can be

no reasonable inference of racial discrimination where an individual just happens to be a

member of a protected class—actionable discrimination only occurs when any employer

acts 'because of' the plaintiff's status as a member of a protected class."). As such, the

record is clear that *none* of the panelists were aware of plaintiff's age at the time of their

hiring decision.

Because plaintiff has failed to refute the legitimate non-discriminatory reasons for

CSOSA's decision, or even establish defendant's awareness of plaintiff's age, this Court

can only conclude that no reasonable jury could find that defendant intentionally

discriminated against Dunning on the basis of his age. Defendant's motion for summary

judgment must therefore be GRANTED.

RICHARD J. LEON
United States District Judge